IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RACHEL SPICUGLIA,**<br><br>    Plaintiff,<br><br>v.<br><br>**BRINKER INTERNATIONAL PAYROLL COMPANY, L.P . AND JUAN OREGON**<br><br>    Defendants. | **CIVIL ACTION NO.**<br>**1:10-cv-00893-CAM-GGB** |

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, Rachel Spicuglia (hereinafter "Ms. Spicuglia" or "Plaintiff"), by and through her undersigned counsel, and sets forth her Amended Complaint for Damages against corporate defendant Brinker International Payroll Company, L.P. (hereinafter "Chilis" or "Defendant Employer") and individual defendant Juan Oregon (hereinafter "Defendant Oregon").

1.

This is a lawsuit for sexual harassment, sexual assault, negligent retention, negligent supervision and ratification of tortious behavior toward the Plaintiff, a current employee, against Chilis and Defendant Oregon.

## PARTIES

2.

Plaintiff is a resident and citizen of the State of Georgia. Plaintiff's employment began with Chilis in January 2004.

3.

Chilis is a corporation subject to actions of this kind and does business in this county. Chilis can be served with Summons and Complaint by service upon its registered agent, Prentice Hall Corp. Comp, 66 Luckie Street, Atlanta, Georgia 30303.

4.

Defendant Oregon is a Georgia resident and can be served with a summons and complaint.

## JURISDICTION AND VENUE

5.

Chilis is a corporation licensed to do business in this state.

6.

Chilis is a national restaurant chain with several locations in Georgia.

7.

This court has jurisdiction over this case and over this defendant.

8.

Venue is proper in the court pursuant to O.C.G.A. §14-2-510.

## FACTUAL ALLEGATIONS

9.

Defendant Employer employed fifteen or more employees for each working day in each

of twenty or more calendar weeks in the current or proceeding calendar year.

10.

Defendant Employer is subject to the anti-discrimination provisions of Title VII.

11.

Plaintiff was hired by Chilis in January 2004 and has been transferred to several locations.

12.

Plaintiff's work environment was filled with sexual comments, jokes, and inappropriate behavior.  The most offensive employee was Defendant Oregon.  Starting late in 2007, Defendant Oregon, a co-worker, began making lewd comments and gestures to Ms. Spicuglia.

13.

Defendant Oregon's comments were specifically directed toward Ms. Spicuglia and made her feel violated.  For example, Defendant Oregon would commonly comment to Ms. Spicuglia that he wanted to have a sexual relationship with her.

14.

Ms. Spicuglia was put off by all of the offensive and harassing comments made by Defendant Oregon and specifically asked him to stop but Defendant Oregon continued.

15.

Defendant Oregon would run his hands along Ms. Spicuglia's body and grab her buttocks.

16.

On several occasions, Defendant Oregon cornered Ms. Spicuglia in the walk-in cooler at work.  He attempted to kiss her neck and tried to put his hands inside the front of her pants.

17.

On another occasion, Defendant Oregon had another employee shut him and Ms. Spicuglia in the walk-in and shut the lights off.  Defendant Oregon proceeded to grab Ms. Spicuglia's breasts and then thrust his penis into her buttocks.

18.

When Defendant Oregon's behavior continued, Plaintiff complained to her supervisor, Bowie Wheaton, about all of this harassing conduct and specifically the grabbing of her breasts. In response, Mr. Wheaton made glib remarks to Ms. Spicuglia asking her if Defendant Oregon had "grabbed her full cup."  Ms. Spicuglia was mortified and left the office.

19.

Within two to three weeks after the complaint, Defendant Oregon was again grabbing at Ms. Spicuglia's buttocks.  Not long after, multiple sexual assaults occurred and Ms. Spicuglia continued to complain.

20.

When Chilis continued to fail to act on her behalf, Ms. Spicuglia filed a charge on August 19th, 2008 alleging sexual harassment and retaliation with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").  (Charge of Discrimination # 410-2008-05640 attached hereto as Exhibit A).

23.

 The Plaintiff has timely exhausted her administrative remedies.

24.

On or about October 16, 2009, Plaintiff received her Notice of Right to Sue Letter from the EEOC.  (Notice of Right to Sue, attached hereto as "Exhibit B".)

25.

Plaintiff has filed this action within ninety days after receipt of her "Notice of Right to Sue" letter.

## **FIRST CAUSE OF ACTION:  VIOLATION OF TITLE VII SEXUAL HARASSMENT**

26.

Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

27.

Plaintiff was employed by Defendant.

28.

Defendant Oregon was employed by Defendant Employer as one of the Plaintiff's co-workers.

29.

Defendant Oregon engaged in unwelcome sexual harassment of Plaintiff as described above.

30.

This unwelcome sexual harassment was sufficiently severe and/or pervasive so as to unreasonably interfere with the Plaintiff's work performance, and/or create an intimidating, hostile or offensive work environment.

31.

Defendant Employer knew and/or should have known of the harassment and failed to take prompt and remedial measures to stop it.

32.

The Plaintiff suffered damages as a result of the harassment.

33.

As a direct and proximate result of Defendant's above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished employment opportunities, and emotional distress consisting of outrage, shock, and humiliation.

**SECOND CAUSE OF ACTION:  ASSAULT**

40.

Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.

Plaintiff endured actions that led her to anticipate and fear that Defendant Oregon would engage in unwanted touching and sexual assault of her making Defendants liable to Plaintiff for assault.

42.

Based on its actual and constructive knowledge of Defendant Oregon's misconduct and propensity for such misconduct, combined with its failure to intercede on Plaintiff's behalf, Chilis condoned, adopted and ratified the conduct, making it liable for the assault of Plaintiff.

43.

Chilis's refusal to discipline its employees, including Defendant Oregon, and to take actions to prevent the sexual assault and battery of Plaintiff makes Chilis independently liable for the assault on Plaintiff.

## THIRD CAUSE OF ACTION:  NEGLIGENT SUPERVISION AND RETENTION

44.

Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

45.

Chilis was aware of the assaults, but failed to take prompt remedial action, which would have protected Plaintiff from Defendant Oregon.

46.

Chilis continued Defendant Oregon's employment after it was aware of Defendant Oregon's reputation and propensity for sexual harassment and sexual assault of employees. Chilis failed to exercise reasonable care in supervising and/or screening for employment its employees.

47.

Notwithstanding Chilis' knowledge of its employees' propensity for sexual harassment and assault, it negligently supervised its employees, failed to intercede on Plaintiff's behalf, and negligently retained Defendant Oregon, thereby ratifying, condoning, and adopting his conduct, making Chilis liable for the negligent supervision and retention of Defendant Oregon.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

a. That Summons issue;

b. That Defendant Chilis be served with summons and complaint;

c. That Defendant Oregon be served with summons and complaint;

d. That a trial by jury to all issues be had;

e. That judgment against Defendants for any and all general, special, and, where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this complaint;

f. For injunctive relief;

g. For all costs of this action to be taxed against Defendant;

h. For all costs and attorneys fees to be awarded to Plaintiff under 42 U.S.C. 1988; and,

i. For any and all other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 1st day of July, 2010.

        */s/ J. Stephen Mixon*
        J. STEPHEN MIXON, ESQ.
        Attorney for Plaintiff
        Georgia Bar No. 514050

MILLAR & MIXON, LLC
108 Williamson Mill Road
Jonesboro, Georgia 30236
(770) 955-0100 (Voice)
(678)669-2037 (Fax)
Email: steve@mixon-law.com